UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 19-cr-20492

v.                                            HON. MARK A. GOLDSMITH

JOHN DIJAUN DAVIS,

       Defendant.

_____/

**OPINION & ORDER
(1) DENYING DEFENDANT'S MOTION TO VACATE SENTENCE (Dkt. 342) AND
(2) DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL (Dkt. 344)**

Before this Court are Defendant John Dijaun Davis's motions to vacate sentence under 28 U.S.C. § 2255 (Dkt. 342) and for appointment of counsel (Dkt. 344). For the reasons that follow, the Court denies both motions.[1]

## I.  BACKGROUND

In 2020, Davis pleaded guilty to a conspiracy to interfere with commerce by robbery, also known as Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a). See Rule 11 Plea Agreement (Dkt. 205). As part of the plea agreement, Davis stipulated that he and other co-conspirators attempted to rob a jewelry store in Jacksonville, Florida in June 2019. See Id. at PageID.975. Davis was armed with a hammer during the Jacksonville robbery. Id. Multiple robberies were committed during the course of the conspiracy but, in exchange for Davis's plea, the Government

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion to vacate sentence, the briefing includes the Government's response (Dkt. 354) and Davis's reply (Dkt. 367).

agreed to "only use the Jacksonville robbery when computing [Davis's] total offense level." Initial Presentence Report Disclosure ¶ 16 (Dkt. 215).

Davis was sentenced to 63 months' imprisonment, which was within his guideline range of 51 months to 63 months. See Judgment at PageID.1276 (Dkt. 231); 3/9/21 Hr'g Tr. at 7 (Dkt. 284). As the worksheets attached to Davis's Rule 11 plea agreement show, this range was based on an offense level of 20 and a criminal history category of four. See Rule 11 Plea Agreement at PageID.984–991. The base offense level for Hobbs Act Robbery is 20. Id. at PageID.984. Three levels were added for brandishing or possessing a dangerous weapon under U.S.S.G. § 2B3.1(b)(2) and three levels were deducted for acceptance of responsibility, resulting in an offense level of 20. Id. at PageID.984, 988. The application of § 2B3.1(b)(2) was based on Davis's possession of a hammer during the robbery. 3/9/21 Hr'g Tr. at 6. Davis's Rule 11 plea agreement stated that "[n]either party may take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached worksheets." Rule 11 Plea Agreement at PageID.977.

## II. ANALYSIS

Davis moves under § 2255 to vacate his sentence based on ineffective assistance of counsel. Mot. to Vacate at PageID.2189–2190. According to Davis, he was subject to "nearly a double sentence" because his counsel, Byron H. Pitts, did not object to the application of § 2B3.1(b)(2) at his sentencing. Mot. to Vacate at PageID.2189. Davis contends that the hammer he possessed during the robbery was a tool, not a dangerous weapon, and that § 2B3.1(b)(2) should not have applied. Id. This argument fails, however, because Pitts's conduct did not amount to ineffective assistance of counsel.

As the Government correctly notes, the Sixth Amendment permits defense attorneys "wide latitude" in their representation of criminal defendants. See Gov. Resp. at 7 (citing Strickland v. Washington, 466 U.S. 688, 689 (1984)). To succeed on an ineffective assistance of counsel claim, a defendant must first show that counsel's performance was deficient. Strickland, 466 U.S. at 687. Performance is considered deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, counsel must also show that the deficient performance prejudiced the defense. Id. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

Davis argues that Pitts's performance was deficient because his co-Defendant's attorney successfully challenged the application of § 2B3.1(b)(2) to that defendant's possession of a hammer. Mot. to Vacate at PageID.2192. But just because another attorney successfully objected to something does not mean that Davis's attorney was deficient for not attempting to do so. Davis was the first of his co-Defendants to be sentenced. At the time, and still today, the case law was not unambiguous on whether a hammer constitutes a dangerous weapon. As the Government notes, the Sixth Circuit has yet to rule on the issue and judges within this District have ruled both ways. See Gov. Resp. at 9 (collecting cases). Further, at least two other circuits have held that a hammer does qualify as a dangerous weapon. See United States v. Martinez, 1 F.4th 788, 792 (10th Cir. 2021); United States v. Pope, 554 F.3d 240, 246 (2d Cir. 2009).

Objecting to the applicable guidelines would have violated the plea agreement, providing the Government with a basis for withdrawing from the agreement. Given the lack of clarity of the law relevant to this case, in addition to the benefit that the Rule 11 plea agreement provided Davis

3

—being held responsible for only one robbery—Pitts's choice to not object to the applicable guidelines was a calculated decision, not a deficiency.

Davis also filed a motion for appointment of counsel to represent him with respect to his motion to vacate sentence. There is no right to the appointment of counsel in proceedings under § 2255. See United States v. Boyd, No. 04-80391, 2011 WL 318112, at *1 (E.D. Mich. Jan. 31, 2011) (citing Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002)). The issue is left to the sound discretion of the court, taking into account all appropriate factors, including the complexity of the issues and the prisoner's ability to address legal issues. See Thirkield v. Pitcher, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) ("Habeas corpus is an extraordinary remedy for unusual cases, and the law accordingly requires appointment of counsel only if, given the difficulty of the case and the litigant's ability, he could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side.") (punctuation modified). Here, Davis's motion is not complex. And the motion he filed reflects a clear understanding of the legal issues involved and the relevant facts. Under these circumstances, there is nothing to be gained by appointing counsel. The motion is denied.

### III. CONCLUSION

For the reasons explained above, the Court denies Davis's (i) motion to vacate sentence under 28 U.S.C. § 2255 (Dkt. 342) and (ii) motion for appointment of counsel (Dkt. 344).

SO ORDERED.

Dated: May 29, 2024　　　　　　　　　　　　　　s/Mark A. Goldsmith  
　　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge